IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LUKE SMALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0788-CV-W-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR RECONSIDERATION

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and disability insurance benefits  The Commissioner's decision is reversed, and the case is remanded for reconsideration.

### I. Medical Opinions

*A. Dr. Alan Israel*

Dr. Alan Israel is a consultative examiner who evaluated Plaintiff on January 10, 2012. R. at 134. The ALJ gave Israel's opinion great weight because it was consistent with "the medical evidence of record, including the treatment notes of the Kansas City Free Health Clinic." R. at 16. However, the Court finds that Israel's opinion was not consistent with medical records from the Kansas City Free Health Clinic. In particular, Israel found Plaintiff's "flow of thought shows no blocking, circumstantial or tangential thought processes,…flight of ideas, loose associations, or indecisiveness." R. at 135. On numerous occasions, though, practitioners at the Kansas City Free Health Clinic noted Plaintiff *had* thought blocking, tangential and circumstantial thought processes, and flight of ideas. R. at 193-204, 207-209. Israel also asserted Plaintiff denied delusional thinking. R. at 135. While Plaintiff may have told Israel this, the medical records from the Kansas City Free Health Clinic are replete with notes regarding Plaintiff's delusions. R. at 193-99, 212. Finally, Israel determined Plaintiff was "capable

of understanding and remembering simple instructions, persistence and concentration on simple tasks, [and] interacting socially…He is capable of handling funds in his own best interest." R. at 136. But the Kansas City Free Health Clinic records repeatedly note that Plaintiff has poor insight and judgment. 195-99, 202, 204, 206. Accordingly, Israel's opinion is not consistent with the Kansas City Free Health Clinic medical records, and on remand, the ALJ must reassess the weight given to Israel's opinion.

### B. Dr. Raphael Smith

Dr. Raphael Smith is a non-examining agency psychologist, and the ALJ gave his opinion some weight. R. at 17. However, Smith's opinion was based solely on Israel's opinion. R. at 147. Thus, to the extent, Israel's opinion is inconsistent with medical records from the Kansas City Free Health Clinic, Smith's opinion is inconsistent as well. On remand, the ALJ must reweigh Smith's opinion.

### C. Dr. Ravinder Goswami

Dr. Ravinder Goswami is Plaintiff's treating psychiatrist. The ALJ gave Goswami's opinion some, but not significant, weight, because (1) his opinion was inconsistent with the medical records in evidence, (2) his opinion was inconsistent with Plaintiff's testimony, and (3) there were no medical records in evidence signed by Goswami. R. at 17.

The ALJ has a duty to develop the record, "independent of the claimant's burden to press his case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). This duty extends "even…where an attorney represented the claimant at the administrative hearing." *Id.* If the ALJ had developed the record and obtained medical records from Goswami, one of the main reasons for assigning Goswami's opinion only "some" weight would have been ameliorated. Further, if the ALJ had Goswami's signed medical records, then the ALJ may have determined that Goswami's opinion was not inconsistent with the medical records in evidence. On remand, the ALJ must develop the record and obtain Goswami's signed medical records. After doing so, the ALJ must reassess Goswami's opinion.

The Court acknowledges Defendant's argument that Goswami had not been

2

Case 4:14-cv-00788-ODS   Document 19   Filed 08/12/15   Page 2 of 4

treating Plaintiff for a substantial amount of time. Nonetheless, the Court finds it prudent for the ALJ to develop the record and to determine, in the first instance, what weight should be assigned to Goswami's opinion.

## II. Residual Functional Capacity

The ALJ must base Plaintiff's Residual Functional Capacity ("RFC") on "all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Thus, the weight the ALJ afforded the various medical opinions likely affected how the ALJ determined Plaintiff's RFC. Because the Court is ordering the ALJ to reassess the medical opinions, the ALJ also must reevaluate Plaintiff's RFC.

## III. Vocational Expert Testimony

"A proper hypothetical question presents to the vocational expert a set of limitations that mirror those of the claimant." *Hutton v. Apfel*, 175 F.3d 651, 656 (8th Cir. 1999). A vocational expert's testimony constitutes substantial evidence to support the ALJ's denial of benefits only when it is "based on a properly-phrased hypothetical question." *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). "When a hypothetical question does not encompass all relevant impairments, the vocational expert's testimony does not constitute substantial evidence." *Id*.

Here, because the ALJ improperly weighed the medical opinions, the ALJ likely did not account for all of Plaintiff's limitations in the RFC. Accordingly, the hypothetical question the ALJ posed to the vocational expert likely did not account for all of Plaintiff's limitations either, and thus, the vocational expert's testimony cannot be said to constitute substantial evidence.

On remand, the ALJ must pose a new hypothetical question to the vocational expert based on the ALJ's new assessment of the medical opinions. Because the Court is ordering the ALJ to present a new hypothetical question to the vocational expert, the Court need not resolve the remaining issues Plaintiff raises about the vocational expert's testimony regarding available jobs Plaintiff could perform.

IT IS SO ORDERED.

                                                /s/ <u>Ortrie D. Smith</u>
                                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 12, 2015                UNITED STATES DISTRICT COURT